**UNITED STATES, Plaintiff–Appellee,**

v.

**Stanley Gordon RAMSEY, Defendant–Appellant.**

No. 07–10022.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Oct. 19, 2007.

Filed Oct. 30, 2007.

---

---

Michael B. Beckwith, Esq., Heiko P. Coppola, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Stanley Gordon Ramsey ("Ramsey") appeals his jury conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Ramsey did not object to the read-back of testimony at trial, the district court's decision to grant the jury's request for a read-back of testimony is reviewed for plain error. *United States v. de Cruz,* 82 F.3d 856, 861 (9th Cir.1996). " 'The [district court's] determination to allow a rereading or rehearing of testimony must be based on [the] particular facts and circumstances of the case' and '[u]ndue emphasis of particular testimony should not

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

be permitted.'" *United States v. Richard,* 504 F.3d 1109, 1113 (9th Cir.2007) (quoting *United States v. Hernandez,* 27 F.3d 1403, 1408 (9th Cir.1994)).

The district court did not plainly err in denying the jury's request to read back defense counsel's closing statement but granting the jury's request to read back the prosecution witness' testimony. After the court received the jury's note requesting the read-backs, the judge consulted with counsel for both parties outside of the presence of the jury. In allowing the court reporter to read back the prosecution witness's entire testimony to the jury, including cross-examination, the court greatly reduced the likelihood that the jury would place undue emphasis on any portion of the testimony. The facts of this case are therefore distinguishable from those in *Richard,* where the district court was found to have abused its discretion when it did not provide the witness's entire testimony to the jury but instead requested the jury to select the portion that it wanted to hear. *Richard,* 504 F.3d at 1113–14.

Although the judge did not accompany the read-back with an instruction to consider the witness's testimony in the context of all of the evidence, under the facts of this case this did not constitute plain error.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided